Linda Lewis-Miller
PO Box 2231
Palmer, AK 99645-2231
P: 907-688-5577
E: xing_ak@yahoo.com
*pro se*

RECEIVED
MAR 0 8 2018
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LINDA LEWIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RONALD GRENSKY, individually and in his official capacity as Jackson County Circuit Court Judge, JOSEPH KELLERMAN, BURL BRIM, AIR RESCUE SYSTEMS CORPORATION, BRIM EQUIPMENT LEASING, INC.,<br><br>　　　　Defendants. | Case No. 3:18-CV-00066-SLG |

## COMPLAINT OF VIOLATION OF CIVIL RIGHTS WITH JURY DEMAND
(Plaintiff Hereby Demands Jury Trial Of All Claims So Triable)

This is an action for damages resulting from the unlawful issuance of a criminal extradition warrant by a civil judge, subsequent arrest and detainment of Ms. Lewis, and the tort of intentional infliction of emotional distress.

### I. JURISDICTION AND VENUE

1.1.1   This court has original jurisdiction over claims brought under 42 U.S.C. § 1983 and

supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

1.1.2 Venue is properly located in Alaska under 28 U.S.C. § 1391(b)(2), as Alaska is the judicial district wherein a substantial part of the events or omissions giving rise to the claim occurred.

## II. PARTIES.

2.1.1 Plaintiff LINDA LEWIS at all relevant times was a resident of Palmer, Alaska.

2.1.2 Upon information and belief, defendant RONALD GRENSKY was at all relevant times a natural person and a Jackson County Court Judge residing in Medford, Oregon.

2.1.3 Upon information and belief, defendant JOSEPH KELLERMAN was at all relevant times a natural person residing in Medford, Oregon.

2.1.4 Upon information and belief, defendant BURL BRIM was at all relevant times a natural person residing in or around Medford, Oregon.

2.1.5 Upon information and belief, defendant AIR RESCUE SYSTEMS CORPORATION is an Oregon corporation having its principal place of business Ashland, Oregon.

2.1.6 Upon information and belief, defendant BRIM EQUIPMENT LEASING, INC. is an Oregon corporation having its principal place of business Ashland, Oregon.

## III. FACTS

### 3.1 – AN UNSOLVED MURDER

3.1.1 On or about September 4, 2008, plaintiff LINDA LEWIS' brother, Dave Lewis, was murdered in his cabin on Dead Indian Road outside of Ashland, Oregon. Autopsy results showed that he had been shot in the back of the head, and that the murderer had then burned his cabin down with Dave's body inside. The murder remains unsolved to this day.

3.1.2 Sometime in 2009, plaintiff LINDA LEWIS thereafter began a citizen journalist campaign to investigate the murder of Dave Lewis. Part of that investigation became a website entitled "davelewisashlandoregon.com".

3.1.3 From 2009 to 2015, plaintiff LINDA LEWIS began to research persons of interest surrounding the murder of her brother Dave and post her findings at "davelewisashlandoregon.com." One such person was defendant BURL BRIM and his helicopter-related businesses, defendants AIR RESCUE SYSTEMS CORPORATION and BRIM EQUIPMENT LEASING, INC (hereafter collectively referred to as "BRIM").

3.1.4 On or about April 15, 2015, defendant BRIM retained defendant JOSEPH KELLERMAN as his attorney and filed a libel suit against plaintiff LEWIS in Jackson County Court. The case, 15CV09360, was assigned to defendant RON GRENSKY.

3.1.5 On or about June 12, 2015, defendant BRIM and plaintiff LEWIS stipulated to a preliminary injunction in case 15CV09360.

**3.2 – DEFENDANT GRENSKY ISSUES A CRIMINAL EXTRADITION WARRANT WITHOUT SUBJECT-MATTER JURISDICTION TO DO SO**

3.2.1 On or about October 14, 2015, defendant BRIM and defendant KELLERMAN filed a motion to show cause why plaintiff LINDA LEWIS should not be held in contempt of court for purportedly breaking the preliminary injunction in case 15CV09360. This created a new "contempt" case under Oregon court proceedings, case number 15CN02970.

3.2.2 On or about December 3, 2015, defendants BRIM and KELLERMAN and plaintiff LINDA LEWIS reached a provisional settlement of both cases, 15CV09360 and 15CN02970, before defendant GRENSKY.

3.2.3 On or about January 6, 2016, upon information and belief, defendants BRIM and

KELLERMAN instructed KELLERMAN'S co-worker, attorney Melisa Button, to file an *ex parte* motion in case 15CN02970, alleging that plaintiff LINDA LEWIS had broken the settlement agreement, that she should be held in contempt of court, and requesting that defendant GRENSKY require plaintiff LINDA LEWIS to appear physically in person at a motion to show cause hearing. On January 11, 2016, defendant GRENSKY so ordered, despite the fact plaintiff LINDA LEWIS had retained counsel and had been attending the hearings telephonically from her home in Alaska.

3.2.4 On or about March 9, 2016, plaintiff LINDA LEWIS attended a hearing in case 15CN02970 with defendants BRIM, KELLERMAN, and GRENSKY. Plaintiff LEWIS was telephonic and represented by counsel Leslie Johnson. When plaintiff LEWIS attempted to contradict defendant KELLERMAN'S statement that she had violated the settlement agreement, defendant GRENSKY interrupted her and stated

> Okay, I want her down here. I'm not gonna go forward with this until she's here. If we have to get the cops to arrest her and incarcerate her until she can be down here, I want her down here. We're going to keep messing around with lawyers that are willing to show up for free to argue the case for her. She needs to be here.

Defendant GRENSKY further instructed defendant KELLERMAN

> [LINDA LEWIS] is not here personally. I will issue a bench warrant. You're to have that taken up to Alaska. She's to be incarcerated until she can be sent down to Oregon to be here in person for this contempt hearing.

3.2.5 On or about March 11, 2016, defendant KELLERMAN submitted a draft warrant and cover letter, informing defendant GRENSKY that "[w]e've been advised that we need to include the word 'Nationwide' in the caption of the arrest warrant in order to increase the viability of the arrest warrant outside the state of Oregon and, specifically, in Alaska where . . .

Linda Lewis resides."

3.2.6  On or about March 15, 2016 (The Ides of March), defendant GRENSKY issued a "Nationwide Arrest Warrant" to defendant KELLERMAN.

### 3.3 – PLAINTIFF LINDA LEWIS IS ARRESTED, JAILED, AND RELEASED IN ALASKA, PURSUANT TO DEFENDANT GRENSKY'S BOGUS CRIMINAL EXTRADITION WARRANT

3.3.1  Upon information and belief, and following defendant GRENSKY'S instructions, defendants BRIM and KELLERMAN petitioned the Alaska State Troopers and State of Alaska Department of Law to arrest Linda pursuant to this warrant for over a year.

3.3.2  On or about July 12, 2017, plaintiff LINDA LEWIS was arrested at her home near Palmer, Alaska by Alaska State Trooper Jeffrey Simpson. Trooper Simpson told plaintiff that he was arresting her pursuant to an Oregon court's contempt finding. Upon information and belief, Trooper Simpson admitted that these arrest circumstances "did not sound right to him," but inferred that he was acting under orders. Plaintiff LINDA LEWIS was thereupon taken into the patrol car in handcuffs and wearing a backbrace. She was taken to a "room with a cage" at Mat-Su Pretrial Facility in Palmer, Alaska. She was not processed immediately, and was ultimately unable to go through processing in the usual secluded room for women, due to someone vomiting in the women's room. Instead, plaintiff LINDA LEWIS was made to go through the ordinary strip search in the same "cage" room. Although a female officer, Ms. Sanchez, conducted the strip search, one of the male corrections officers vocally "sized-up" defendant LINDA LEWIS'S undergarments.

3.3.3  On or about July 13, 2017, plaintiff LINDA LEWIS was charged with being a "Fugitive From Justice" in violation of Alaska Statute 12.70.120. Plaintiff spent the night in the

*Lewis v. Grensky, et al.*
*Complaint of Violation of Civil Rights*  Page 5 of 8

Case 3:18-cv-00066-SLG   Document 1   Filed 03/08/18   Page 5 of 8

Palmer Jail.

3.3.4 On or about July 14, 2017, plaintiff LINDA LEWIS was released at a bail hearing.

3.3.5 On or about July 21, 2017, criminal charge against plaintiff LINDA LEWIS was dismissed by the State of Alaska on July 21, 2017.

### 3.4 – DEFENDANT GRENSKY'S LACK OF SUBJECT-MATTER JURISDICTION TO ISSUE A CRIMINAL EXTRADITION WARRANT IS CONFIRMED

3.4.1 On or about September 21, 2017, the Jackson County District Attorney's Office emailed defendant KELLERMAN that

> Our office was contacted because we would be the one to authorize bringing Ms. Miller back for prosecution if her crime was a criminal matter. Since it was not, we declined extradition and instructed our warrants department to inform the Law Enforcement in AK that we would not be extraditing. I spoke to Melissa [sic] Button in July regarding the matter and she was in hopes that we would be able to assist in bringing the defendant back to Oregon but in speaking to the Governor's office and Beth Heckert we determined that we would not be able to do so. Today I spoke to Fran Lushenko of the Governor's office who is the Director of Extradition Services and explained the situation and she agrees that we would not be able to assist in the matter.

Upon defendant KELLERMAN'S further inquiry, the Jackson County District Attorney herself, Beth Heckert, confirmed via email that the District Attorney "does not have authority to extradite anyone, we go through the Governor's office. **This is clearly not criminal, so I am unsure why anyone thought we would extradite her.**" (Emphasis added).

3.4.2 On or about November 3, 2017, Palmer District Attorney Roman Kalytiak informed plaintiff LINDA LEWIS through her attorneys that

> In my opinion, the issue of whether contempt of court is an extraditable offense is moot at this point as Beth Heckert, the District Attorney for

Jackson County, Oregon, has declined to extradite your client. **I do however agree with you that your client should not be arrested again in Alaska on the Nationwide Arrest Warrant signed by Judge Ron Grensky on March 15, 2016**. [Emphasis added] . . . Please provide a copy of this letter to your client and advise her that, if she is contacted by an Alaska law enforcement officer about this warrant again, she should present this letter to the officer. The officer can contact me or the on-call Palmer prosecutor if he or she has further questions.

3.4.3 Upon information and belief, and confirmed by a November 27, 2017 article in the Medford Mail Tribune, defendant GRENSKY'S hometown newspaper, defendant GRENSKY "mainly handles civil cases for the court system, dealing with divorce, child custody, lawsuits, and other noncriminal issues."

## IV. CLAIMS

### 4.1 – 42 U.S.C. § 1983 DEPRIVATION OF CONSTITUTIONAL RIGHT

4.1.1 Plaintiff LINDA LEWIS hereby realleges the general allegations in paragraphs 1.1.1 - 3.4.3.

4.1.2 By issuing a criminal extradition warrant and causing plaintiff to be arrested and incarcerated thereby, defendants GRENSKY, KELLERMAN, and BRIM acted under color of law and deprived plaintiff of her rights, privileges, or immunities secured by the Constitution and extradition statutes. *Ricks v. Sumner*, 647 F.2d 76 (9th Cir. 1981).

4.1.3 Because of defendant GRENSKY, KELLERMAN, and BRIM'S actions, plaintiff suffers from fear, anxiety and emotional distress, and economic damages.

## V. REQUEST FOR RELIEF

5.1 For the foregoing reasons, plaintiff LINDA LEWIS prays for judgment against the defendants as follows:

## DAMAGES

a. For Count 4.1, an order of liability against the defendants GRENSKY, KELLERMAN, and BRIM, an amount to be proved at trial;

b. Taxable costs of court, disbursements, and attorney's fees under 42 USC § 1988;

c. Punitive damages as determined by the jury;

d. Any such other relief to which plaintiff may be justly entitled.

Plaintiff hereby requests trial by jury.

DATED at Anchorage, Alaska this ___ day of March 2018.

LINDA LEWIS-MILLER
*Pro se*
By: _____
P: 907-688-5577
E: xing_ak@yahoo.com
